'Wbiü-i-it, J.,
dissenting.
The claimant was appointed October 1,1897, to the office of chief clerk of the Agricultural Department, and by authority of an act of Congress for that purpose was, January 14,1901, by the President, by and with the advice and consent of the Senate, appointed captain of infantry in the United States Army, which appointment the claimant accepted, and on January 26, 1901, he was duly placed upon the retired list of the Army to date from the time of his appointment. After this he applied to the disbursing officer of the Agricultural Department for his salary for the month of January, 1901, as chief clerk, and on the same day the disbursing clerk submitted to the Comptroller of the Treasuiy for his decision the question as to the legal right of the claimant to receive the salary of chief clerk, and for the same time receive his pay as a retired officer of the United States Armjr. The Comptroller gave his decision adversely to claimant’s right to receive the salaries of both offices for the same period of time. After this decision, March 18, 1901, the claimant filed a renunciation of his pay as captain of infantry, retired, while drawing the salary of his office as chief clerk of the Agricultural Department, and he has not, therefore, drawn any pay as a retired officer of the Army, which latter he seeks to recover in this suit.
Waiving the question whether the claimant has, by disclaiming the pay of a retired officer to enable him to accept the higher pay of chief clerk, surrendered'whatever rights he possessed to the pay of a retired officer, the more important, and, it seems to me, the vital question is whether section 2 of the act of March 3, 1885, is not a prohibition of the payment of any part of the money therebj^ authorized or appropriated by that act to the claimant as a person receiving at the same time other compensation as an officer or employee of the Government. The language of that section is:
“That no part of the money herein or hereafter appropriated for the Department of Agriculture shall be paid to *448 O o $0 o ■Jl c3 a o s ►o CD D O & i-i £ CD S É CD P ® P O co o §
The argument of the majority of the court, as I understand and construe it, proceeds upon the theory that the pay of a retired officer is not “additional salary or compensation” to claimant’s salaiy or compensation as chief clerk and therefore not within the prohibition of that section, and generally that a retired army officer is not an officer within the meaning of the act, and that his pay as such is but a gratuity or pension, as distinguished from salary or compensation. I do not concur in either the reasoning or conclusion of the majority of the court in this regard. It seems clear to me that the provision of the statute, to which reference has been made, is a plain and positive prohibition of the payment of any money authorized by that act to the claimant while he at the same time was receiving other compensation as an officer or emploj^ee of the Government. To argue that the pa}' of the chief clerk would not be as additional salary or compensation, when at the same time he was also receiving pay as a retired officer, is simply to deny the plain import of the language used, and it would seem mere pedantry to produce argument to refute such reasoning. It is a sufficient statement for this purpose to say that if while a person is receiving one compensation another, is added the latter would be additional compensation. Any argument to produce a different result must necessarily be specious and reductio ad absurdmn.
Neither can it be reasonably supposed that Congress intended by retiring officers of the Army at a given age with specified pay'that such is a mere gratuity or pension, for all know that many of these officers, eligible to retirement, are in the vigor of manhood, both in bod}' and mind, and therefore the inference is reasonable that by such legislation it was intended to provide a continuous compensation for services already performed and for waiting for orders to active service when the contingency may arise. (30 Stat. L., 979.) These officers, although retired, constitute part of the Army; are borne on its register; are subject to the rules and articles of war and trial by general court-martial for any breach thereof. They all retain their commissions and rank without resignation, *449 and may be assigned to a specified service, and therefore clearlj- fall within the descriptive words of the prohibition contained in the statute before recited.
Also, by section 1760, Revised Statutes, no officer in any branch of the public service, or any other person whose salaiy, pay, or emoluments are fixed by law or regulation, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, allowance, or compensation. Here the claimant was receiving a salaiy of $2,500, fixed byr law, as chief clerk of the Agricultural Department, and was, by the statute referred to, expressly inhibited from receiving any additional salaiy, allowance, pay, or compensation for discharging the duties of any other office unless expressly authorized bjr law, of which there is no pretense in this case. That the case of this claimant falls within the exception pointed out in Badeau v. The United States (130 U. S., 439), of offices not incompatible, is not seen, and that exception not having been expressly stated in the statute itself, resulting by judicial construction merefy, should not be further extended without a plain necessity, to the end that the words of the statute may not be wholly nullified. The ease presented is otherwise controlled by the decision cited, which is but declaratoiy of the explicit principles of the section considered, applied to facts which, in legal effect, are not different than those here delineated.
In my opinion it was necessary for claimant to disclaim the pay of a retired officer, as he did, before he could gain the right to the higher salaiy of chief clerk provided by the act in question, and without such disclaimer he could not receive it without a clear violation of the will of Congress. By accepting the higher compensation he is now estopped from claiming or receiving the lesser without first refunding the former. It is the plain spirit and intent of the legislation under consideration that no person should receive two salaries, and, in my opinion, the conclusion and judgment of the majority of the court does violence to the will of Congress.